IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | Judge Timothy A. Barnes |
| Natalja Vildziuniene, | ) | Case No. 19-22967 |
| | ) | |
| Natalja Vildziuniene, | ) | |
| | ) | |
| Plaintiff | ) | Adv. No._____ |
| | ) | |
| Kevin P. LaRoe, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE INTERESTS IN REAL PROPERTIES**

Natalja Vildziuniene ("Debtor" or "Plaintiff") by her attorneys, John H. Redfield and Crane, Simon, Clar & Goodman, complains of Kevin P. LaRoe ("Kevin"), by alleging as follows:

1. This adversary proceeding arises in and relates to the chapter 11 case of the Debtor, case number 19-22967, pending in this court. The court has jurisdiction of this adversary pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 541 and 542 and internal operating procedure 15(a) of the District Court for the Northern District of Illinois. Plaintiff does consent to entry of final orders or judgment by the bankruptcy court in this adversary proceeding.

2. On August 14, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

3. On or about February 2, 2012, the Debtor purchased the real property commonly known as 3224 North Ottawa Ave., Chicago, Illinois 60034 ("Ottawa Property") from

Phyllis LaRoe, the wife of Kevin LaRoe ("Phyllis") as evidenced by a warranty deed attached hereto as **Exhibit 1**.

4. On or about June 14, 2012, the Debtor purchased the real property commonly known as 3543 North Plainfiled Avenue, Chicago, Illinois 60634 ("Plainfield") from Phyllis as evidenced by a warranty deed attached hereto as **Exhibit 2**.

5. On or about April 13, 2012, Kevin was involved in falsifying a warranty deed concerning the Ottawa Property attached hereto as **Exhibit 3**.

6. On or about October 17, 2012, Kevin was involved in falsifying a warranty deed concerning the Plainfield Property attached hereto as **Exhibit 4**.

7. Exhibits 3 and 4 purportedly conveyed the respective Properties from the Debtor to Kevin and the Debtor, and both deeds were recorded with the Cook County Recorder of Deeds on January 24, 2013.

8. Kevin was involved in falsifying both of the above deeds represented by Exhibits 3 and 4.

9. Kevin was involved in falsifying the signatures of the Debtor with respect to both deeds.

10. The falsified signatures of the Debtor on both deeds were witnessed by Kevin's wife, Phyllis.

11. The deeds were falsely notarized by Phyllis' grandmother, Violet Ciaccia, who died on October 2, 2009, many years prior to the dates of the deeds.

12. After the deeds were recorded, they were returned to Kevin at his home address of 411 Elmore Avenue, Park ridge, Illinois 60068.

13. Subsequent to the recording of the deeds, Kevin caused second mortgages to be placed on the Ottawa and the Plainfield Properties in favor of Newtek Small Business Finance, LLC ("Newtek") to secure a loan to Grand Manor Realty, Inc., a corporation Kevin represented as president.

14. Kevin also caused a third mortgage to be placed on the Ottawa Property in favor of the United States Small Business Administration to secure a loan to Grand Manor Realty, Inc.

15. In order to obtain the above loans and mortgages, Kevin was involved in the falsifying of numerous documents and signatures of the Debtor including but not limited to the falsifying of the Debtor's signature on mortgages and guaranties.

16. The Debtor does not know how the loan proceeds were used, and never had an interest in Grand Manor Realty, Inc., the principal obligor of the above-referenced loans.

17. The Debtor did not consent to any of the above loans against the Properties, and Kevin acted surreptitiously in falsifying the deeds and obtaining the above mortgages containing the false signatures of the Debtor.

18. Kevin's scheme to surreptitiously use the Properties of the Debtor to obtain loans for Grand Manor Realty, Inc. began to unravel when the Debtor was notified that Newtek was searching her frozen credit reports because Kevin was attempting to obtain an additional mortgage from Newtek, which was never consummated.

Wherefore, Natalja Vildziuniene, the Debtor herein, respectfully requests the entry of an order herein as follows:

a. The above deeds conveying the Ottawa and Plainfield Properties from the Debtor to Kevin P. LaRoe and the Debtor be declared null and void and of no force or effect; and

b. For such other order as the Court deems just and proper.

Respectfully submitted,

Natalja Vildziuniene, Plaintiff


By: /s/John H. Redfield
    One of her attorneys

**PLAINTIFF'S COUNSEL:**
John H. Redfield (Atty. No. 2298090)
Crane, Simon, Clar & Goodman
135 S. LaSalle Street, Suite 3950
Chicago, Illinois 60603
312-641-6777
jredfield@cranesimon.com